CHARLES H. FREY AND FERDINAND KOCH, PLAINTIFFS IN ERROR, V. WENZEL DRAHOS, DEFENDANT IN ERROR.

Replevin: ALTERNATIVE JUDGMENT. In an action of replevin the property replevied consisted of a steam engine, boiler, grate, gauge cock, engine house, pump, etc.; also an office 10x12 feet, and one Fairbanks hay scales complete, which property was replevied from the sheriff, who had levied upon it by virtue of executions in his hands, but had not removed it from where it had formerly been kept and used. The property was not moved on the order of replevin, but allowed to remain in the same place. The judgment upon the trial was " that the said defendant have a return of the property replevied in this action, and in case the plaintiff fails for twenty days to return to the said defendant the said goods and chattels, that the said defendant have and recover judgment against said plaintiff for the sum of $418.51, the amount of said executions, and interest to date of this judgment, together with his costs." The evidence shows that within twenty days after the rendition of the said judgment the plaintiff offered to return the said property to the said sheriff, defendant, but that the said sheriff declared that he would not receive it; that some six months thereafter the said Charles H. Frey, sheriff, caused an execution to be issued for the said $418.51, the alternative judgment. Held, That an injunction restraining the collection of such execution was properly issued and made perpetual.

ERROR to the district court of Cuming county. Tried below before BARNES, J.

*Crawford & McLaughlin,* for plaintiffs in error, cited *Bromham v. Martin,* 8 Cent. Law Journal, 357. 7 Wait's Actions and Defenses, 592. *Hesket v. Fawcet,* 11 M. & W., 356. 2 Chit. Plead. (16th Am. Ed.), 469, 470. *Lanier v. Trigg,* 6 Sm. & M. (Miss.), 641. *Besancon v. Shirly,* 9 Id., 45. *Fuller v. Pelton,* 16 Ohio, 457. *Raymond v. Bernard,* 12 Johns., 274.

*R. F. Stevenson,* for defendant in error, cited *McClellan v. Marshall,* 19 Iowa, 561.

COBB, J.

The plaintiff in error makes several points upon the admission of testimony by the court below and the striking from the bill of exceptions of the return of the execution.    But if there was error in any of these proceedings it was error without prejudice, as in my view of the case none of the acts complained of could in any event have been material in controlling the final disposition of the case.    The first made is that "the facts set forth are not sufficient in law to maintain the action, &c."    But the plaintiffs nowhere in their brief point out in what respect the petition fails in its facts, and upon a careful examination of it I fail to see to what part of it the objection applies, or wherein it is defective in substance.    I will therefore pass to the more meritorious points presented, which may be grouped and considered together.

V.  That the verdict given in the case is against and contrary to the weight of evidence and the law of the case.

·VI.  That the findings of the court upon questions of law and fact are against and contrary to the weight of evidence.

IX.  That the said court erred in overruling the motion for a new trial, &c.

The pleadings and testimony as preserved by the bill of exceptions show that on the 4th day of March, 1876, the plaintiff in error, as sheriff of Cuming county, had in his hands for service two writs of execution, aggregating in amount to $312.51, against the Cuming County Grange Company.    That on the said day he levied said executions upon the following property as the property of said Cuming County Grange Company, but which property was in the possession of and claimed by the defendant in error, to-wit: one ten-horse

power steam engine and boiler, one grate bar, five wrenches, one gauge cock, one cast iron pump and pipe, one driving belt, 4 bars of iron, one engine house, one Fairbanks hay scales complete, one office 10x12 feet. That on the 15th day of March, 1876, the defendant in error commenced an action in the district court of Cuming county against the plaintiff in error, C. H. Frey, and replevied the above described property. That the said Charles H. Frey answered and defended in said action, that he levied upon the said goods and chattels as the property of said Cuming County Grange Company by virtue of two writs of execution, &c., denied the ownership of the said Wenzel Drahos, &c. That on the fourth day of January, 1878, the said cause came on for trial before the said district court, which found in effect that the defendant therein (plaintiff in error Charles H. Frey) did not wrongfully detain the said goods and chattels. That said goods and chattels, when levied upon by said sheriff Charles H. Frey, were in the possession of the said Wenzel Drahos, who held them under color of title in good faith, but that he did not have the right to the possession thereof at the time of the commencement of the said action. The court further found that the defendant (plaintiff in error Charles H. Frey) was, by virtue of two executions in his hands as sheriff, &c., and a levy upon said goods and chattels made by virtue thereof, entitled to the possession thereof. That the value of said goods and chattels was one thousand and ten dollars, &c. And the said district court rendered judgment upon the said finding, that the said defendant (the plaintiff in error, Charles H. Frey) "have a return of the property replevied in the said action, and in case the plaintiff fail for twenty days to return to the said defendant the said goods and chattels, that the said defendant have and recover judgment against

the said plaintiff for the sum of $418.51, the amount of said executions and interest to date of this judgment, together with his costs, taxed at $78.83." That the said property had not been removed by the said Charles H. Frey when he levied upon it, nor was it removed when replevied, but remained in the same place and substantially in the same condition at the time of the rendition of the said judgment as at the time of the levy of the said executions. That on or about the twelfth day of January, 1878, and within twenty days after the rendition of the said judgment, the said property still remaining in the same place and substantially in the same condition as when levied upon, the defendant in error offered to deliver the same to the plaintiff, Charles H. Frey, who refused to receive the same. That the said Charles H. Frey was dissatisfied with the judgment of the district court hereinbefore referred to, and shortly after the rendition thereof and before the said offer of the said Wenzel Drahos to return the said property to him, had taken the initiatory steps to bring the said case to this court on error, and that the said Wenzel Drahos, through his attorney, had entered into a stipulation with the said Charles H. Frey, whereby he had waived the issuance and service of a summons in error in the said cause, and agreed that the said cause in error might be brought on at the then pending term of this court.

The said cause was brought to a hearing and final determination in this court at the term thereof in January, 1878, and the judgment of the district court affirmed. See 7 Neb., 194.

It further appears from the record that the said Wenzel Drahos paid all the costs in the said replevin suit, to-wit: the sum of $78.83; that on the second day of July, 1878, the said Charles H. Frey caused an execution to be issued out of said court and placed in the

hands of the said Ferdinand Koch, sheriff of said county (successor to said Frey), for the recovery of the $418.51 damages assessed in said cause in case said Wenzel Drahos failed to return said property according to the judgment of said court, and that said sheriff was about to levy upon the property of the said Wenzel Drahos to make the amount of said judgment, &c.

The district court rendered a decree perpetually enjoining the enforcement of the said alternative judgment. The defendant thereupon brought the case to this court by petition in error.

The property involved was of such cumbrous and bulky nature as to render its removal quite inconvenient, so that when levied on by Charles H. Frey as sheriff, as well as when replevied from him by Wenzel Drahos, it was allowed to remain in its original position and situation, and so continued when, under the judgment, Frey, as sheriff, became entitled to its return to him. That being the case, it seems to me quite clear that the judgment of the court executed itself, so far as the return of this property was concerned. And if Drahos continued to exercise acts of ownership over it, inconsistent with its sale by Frey, as sheriff, and its delivery to the purchaser, the power was certainly not wanting in the latter to put a stop to such interference. But it seems that Drahos did not propose to interfere with the said sheriff in the possession and disposal of said property, but on the contrary, within the proper time, through his attorney, he called on the said sheriff and offered him possession of the property, which, after mature consideration and advising counsel, he refused to accept.

Charles H. Frey, as sheriff, had, by virtue of his levy, a special property in said goods and chattels to the amount of the principal, interest, costs, and accruing costs, as expressed in the said two writs of execu-

tion, and no more. It mattered nothing to him what the use of the property pending the litigation was worth, nor, so far as this record shows, whether the said chattels had depreciated in value or not. It was his plain duty to go on and re-advertise and sell the property on his said writs of execution. Counsel urge in their brief that he could not do this because he had taken measures to bring the said replevin case to this court on error; and they further urge that, because of the said Wenzel Drahos having stipulated to waive time and the issuance and service of a summons in error in said cause, so as to insure an early decision thereof, that he is estopped to prosecute this action. I do not think that such stipulation could have any effect further than that expressed on its face—that the said defendant in error would make no objection to the want of time nor to the non-issuance or service of a summons in error. But he is in nowise committed, by reason of the said stipulation, to the wisdom of the course of the plaintiff in error in neglecting to look after the said property—if such is the case—while he came here for the redress of grievances, which this court has already decided that he had not suffered. Counsel cite authorities to show that the tender of the property by Drahos to Frey was not properly made, and urged that it was not effectual because it was not kept good. I do not, as above intimated, believe that the doctrine of tender applies to this case at all. But if it does, there is a broad difference between a tender of money and a tender of chattels. A tender of the latter is never required to be kept good.

Wait, in his late work on Actions and Defenses, thus states the law, and cites an abundance of cases in support of it: "A tender of chattels differs, however, both in mode and effect, from a tender in money. Thus we have seen * * that if the payment is to be

made in money, it is the duty of the defendant, when the debt is due, to seek the plaintiff in order to make the payment. But if the payment is to be made in specific articles, such as grain, timber, produce, groceries, or the like, then a *demand* may be necessary, for the reason that he who is to perform is not bound to carry the property about seeking the other party, but it is for the other to go and get it, or to appoint where he will receive it, that it may be delivered to him." 7 Wait, 598, 599.

This property was of such a nature that it could not conveniently be carried to the sheriff's office and handed to him. He knew where to go and resume his possession of it, and he could not, by the neglect or willful failure to perform that duty, acquire the right to enforce the alternative clause of the said judgment, and his attempt to do so was properly enjoined by the district court.

The decree is affirmed.

DECREE AFFIRMED.