ISHAM REAVIS AND E. W. THOMAS, APPELLANTS, v. JOHN J. HORNER AND G. H. PEARSON, APPELLEES.

1. **Replevin:** RETURN OF GOODS BY PLAINTIFF. The sheriff, holding an execution, had levied it upon personal property, consisting of horses, hogs, farming implements, and grain, when the plaintiffs replevied it from him while it remained on the farm of the execution debtor. Judgment having been rendered against the plaintiffs in the alternative for a return of the property, or for its value as found by the court, they tendered it back at the place where replevied. *Held*, that this was a suitable place to return it.

2. ———. When a portion of the goods are lost or so disposed of that they cannot be returned, and their separate value as found by the court can be definitely ascertained, such value in money may be tendered in their stead, together with the remaining goods.

3. ———: INJUNCTION. When, after such offer to return the goods replevied, which is not accepted, the defendant proceeds to enforce the alternative judgment for their value, the plaintiff is entitled to an injunction restraining him from so doing.

This was an application for an injunction brought in the district court for Richardson county. The petition alleges that defendant Horner had recovered a judgment against one Findley, and caused an execution, issued thereon, to be levied upon the property in controversy as the property of Findley. Reavis and Thomas thereupon replevied the said property from Pearson, the sheriff, who had the same by virtue of said levy, and Horner having caused himself to be sub-

stituted as defendant, in place of the sheriff, judgment
was rendered against Reavis and Thomas for a return
of the property, or in default thereof, for the recovery
of the value, damages, etc.    Afterwards Reavis and
Thomas offered to return the property to the sheriff,
and to Horner, with the exception of a small part of it,
which could not be returned, the value of which, how-
ever, they tendered, but the defendant refused to re-
ceive the property, and Horner afterwards caused an
execution to be issued on his judgment in the replevin
case to collect the value of the property, damages, etc.,
from plaintiffs herein.    It was to restrain the service
of this last execution that this action was brought.
The district court dissolved the temporary injunction
and dismissed the bill.    Plaintiffs appeal.

*C. Gillespie* and *A. R. Scott*, for appellants, cited
Wells on Replevin, secs. 778, 782.    *McClellan v. Mar-
shall*, 19 Iowa, 561.    High on Injunctions, sec. 183.
*Frey v. Drahos*, 10 Neb., 594.

*J. D. Gilman* and *G. P. Uhl*, for appellees.    Tender
not good unless made unconditionally.    2 Chitty on
Cont., 1191, 1194, *et seq.*    *Tompkins v. Batie*, 11 Neb.,
ante p. 147.    Wells on Replevin, sec. 420, *et seq.*, and
484, *et seq.*    A tender of part only of an entire lot of
chattels is not good.    2 Chitty Cont., 1209.    *Vance v.
Bloomer*, 20 Wend., 200.    *Bowker v. Hoyt*, 18 Pick.,
555.

LAKE, J.

In its main features this case differs but slightly from
that of *Frey v. Drahos*, 10 Neb., 594, in which we held
that, under a judgment for the return of personal prop-
erty replevied from a sheriff, a tender at the place
where it was taken, and had remained during the in-

terim, was sufficient, and that after a refusal by the officer to receive it, his attempt to enforce the alternative judgment for its value was properly enjoined.

In the replevin case here, the property consisted of two horses, one cow, twenty hogs, one harvester, two corn cultivators, one corn planter, six hundred bushels of corn, and one hundred and. eighteen bushels of wheat, which had been seized in execution as the property of one Hiram Findley, to satisfy a judgment against him, in favor of the above named Horner. While held under this execution, and during the pendency of the replevin proceedings, all of the property had remained upon Findley's farm, where it was first seized.

The testimony shows, very conclusively, that within a suitable time after the termination of the replevin suit, which was brought by these appellants, and resulted in a judgment against them, they offered both orally and in writing, to redeliver all of said property, except a small portion which had been lost, or otherwise disposed of, at Findley's farm, where it still was. These offers were made to the sheriff from whom it was replevied, and also to Horner, the judgment creditor, who, as the real party in interest, had been substituted as defendant in the action.

One of the features wherein this case differs from that of *Frey v. Drahos, supra*, is, that a portion of the property could not be returned. This consisted of fifty bushels of the corn, sixty-eight bushels of the wheat, and five of the hogs. In lieu of these articles, there was a tender in money, as was claimed, of their value as found by the judgment of the court. And this course is the proper one where the value of replevied articles, so found, is definitely known. *Pickett v. Bridges*, 10 Humph., 171.

As to the missing. grain there was no difficulty in

reaching the valuation fixed by the court. The six hundred bushels of corn, in the judgment of the court, is valued at $90.00, and the one hundred and eighteen bushels of wheat at $88.50. Of the former, this would make the value per bushel fifteen cents, and of the latter seventy-five cents. And it was upon this basis that the amount of money actually tendered was estimated—it being for the fifty bushels of corn, $7.50, and for the sixty-eight bushels of wheat, $51.00. This estimate is made upon the reasonable supposition, in the absence of evidence to the contrary, that in a bin of wheat, or a crib of corn, the value of each bushel is the same.

In the case of the twenty hogs, which the court valued in gross at $90.00, it is hardly possible for this rule to be applicable. The five that were missing may have been of the very largest and most valuable, or of the most inferior of the lot. It is not likely that they were of an exact average, taken altogether, of the whole number replevied. It seems, however, to have been taken for granted that the court had found the hogs to be of equal value, one with another, and accordingly, in fixing upon the amount to be tendered for missing ones, their value was estimated at $4.50 each. And it appears from the evidence that this mode of estimate was entirely satisfactory to Horner, the execution creditor, or at any rate he made no objection to the tender on that account. It is further shown by the testimony of several witnesses, Horner himself included, that, in company with the agent of the appellant, he went to Findley's farm where the property was, looked it over, and assisted in making the several measurements and estimates of what remained and of that which was missing, with the view of accepting the tender which Reavis had previously made, and which the agent there renewed; that the only reason

he then gave for not accepting it and receipting therefor, was that Mrs. Findley claimed all of it but one horse as her own, and forbid him to take it away. And on the witness stand he in effect conceded that, but for this objection of Mrs. Findley, he would have accepted the property according to the terms of the offer. We conclude, therefore, that as the amount tendered in lieu of the five hogs was then satisfactory to Horner, the fact that it may not harmonize precisely with the valuation by the court, must be held to be immaterial.

As for the claim made by Mrs. Findley, that was not a sufficient reason for the refusal of Horner to accept the property. Her claim, whether good or bad, did not concern the appellants. They were not answerable for the goodness of the title except as affected by their own acts. They were only required to return the property in the like condition in which they received it under the order of replevin. It is not pretended that Mrs. Findley's claim was derived from the appellants, or through any act of theirs. They had done nothing in any way prejudicial to the title taken under the execution, nor could they be required to protect it against a claim set up by Mrs. Findley or any one else.

After a careful examination of the case, we are of opinion that the tender made was legally sufficient, and that the appellants were entitled to an injunction as prayed. Judgment will be entered accordingly.

REVERSED AND JUDGMENT.