WILLIAM E. WALLACE, APPELLEE, V. A. W. COX ET AL., APPELLANTS.

FILED JUNE 26, 1913. No. 17,068.

1. Replevin: RETURN OF PROPERTY: REFUSAL TO ACCEPT. Mere delay during three winter months in complying with a judgment requiring the return of a replevied threshing outfit *held* not to justify the owner's refusal to accept it when returned.

2. ———: ———: ———. Where a defendant in replevin, after a judgment has been rendered in his favor for a return of the replevied property, refuses to accept it on the sole ground that

it was damaged while unlawfully detained, his refusal cannot afterward be justified because the return was delayed for three months.

3. ——: ——: ——: DETERIORATION. Deterioration in the value of replevied property, while it is unlawfully detained, does not alone justify the owner in refusing to accept it, when returned in due time pursuant to a judgment in replevin, damages to the property after the rendition of such a judgment being recoverable in an action on the replevin bond. *Wallace v. Cox*, 92 Neb. 354, overruled on rehearing.

REHEARING of case reported in 92 Neb. 354. *Former judgment vacated, and judgment of district court reversed.*

ROSE, J.

This is an action on a replevin bond. Property, consisting of a threshing-machine, a traction-engine, and the appliances belonging to a threshing outfit, had been taken from the obligee under a writ of replevin. There was entered in his favor in the replevin suit a judgment for a return of the property, or for its value in the sum of $2,000 in case a return could not be had, for damages in the sum of $404.50 by reason of the wrongful taking and use of the property, and for costs in the sum of $121.60. The replevin bond bound obligors as follows: "Plaintiff shall duly prosecute his action aforesaid and pay all costs and damages which may be awarded against him, and return the property to the defendant in case judgment for a return of such property be awarded against him." Obligee, who is plaintiff herein, pleads the judgment in replevin, nonpayment of the damages, and failure to return the property to him "in the same, or substantially the same, condition in which it was taken," and prays judgment for $2,526.10, the sum of the three items named. Obligors are defendants herein, and admit the judgment in replevin, but plead a subsequent return of the replevied property. From a judgment in favor of plaintiff on the replevin bond for the full amount of his claim with interest, defendants have appealed.

Upon a consideration of the appeal at a former term, plaintiff was required to remit, as a condition of affirmance, $404.50, the amount allowed by the jury in the replevin suit as damages for the wrongful taking and use of the replevied property. *Wallace v. Cox,* 92 Neb. 354. Later a rehearing was granted on motion of defendants and the case has been reargued. In the former opinion two reasons for the conclusion reached on appeal are given: (1) The threshing outfit was not returned within a reasonable time after the judgment in replevin directed its return. (2) The property was diminished in value while it was wrongfully detained, and for that reason the owner properly declined to accept it.

1. Further reflection makes it necessary to recede from the position that the property was not returned within a reasonable time. The judgment ordering a return of the property was rendered December 1, 1909, and the property was returned February 25, 1910. It requires more than mere lapse of time for a short period to show that the delay was unreasonable. The right to appeal from the judgment in replevin did not expire for six months. To comply with the judgment by an immediate return of the property would terminate that right. After a return had been adjudged, the threshing outfit was not retained during a threshing season. An earlier return was prevented by the bad condition of the roads. Plaintiff, in making his own case, testified positively that he refused to accept the property because, "when offered back," it was not "in the same, or substantially the same, condition" as when taken. The delay in making the return had nothing to do with plaintiff's refusal to accept the returned property. For these reasons, the first position assumed in the former opinion will be abandoned.

2. Was deterioration during the time the property was wrongfully detained a sufficient justification for the refusal to accept it in a damaged condition? While there was some controversy, not material to this inquiry, over the identity and condition of an appliance, the identical

thresher and engine taken under the writ were in fact returned. Plaintiff's own testimony shows that they were then worth at least $1,000, though the jury in the replevin suit had found the value when taken to be $2,000. Witnesses for defendants said the property, when returned, was in as good condition as when received. In the former opinion cases were cited to show that the returned property, under the facts of this case, was properly rejected. Each of those cases has been re-examined, with the following result:

In *Pittsburgh Nat. Bank of Commerce v. Hall*, 107 Pa. St. 583, the following language was approved: "It would be anything but an act of justice to permit a person who has wrongfully deprived another of his goods, and retained them in his possession until they were nearly destroyed by time and use, afterwards, when judgment was rendered against him for his wrongful act, to save a forfeiture of the bond by an offer to return the article in its depreciated condition. Nor can the sureties be placed in any better condition than the principal." This is a holding that the return of property which has been practically destroyed does not satisfy the bond, but it is not a holding that identical property taken, when of great value, may be rejected, if promptly returned.

In *Fair v. Citizens State Bank*, 69 Kan. 353, it was held that one who replevied a promissory note and permitted it to outlaw while in his hands could not satisfy a judgment for its return by subsequently tendering it back, the rule announced being: "Where, as a compliance with the alternative judgment in an action of replevin providing for a return of the specific property or the value thereof, the property returned has depreciated in value, an action may be maintained to recover such depreciation. The statute contemplates that the property be returned in substantially the same condition, and of the same value, as when taken." The return of an outlawed note was not in law a return of the collectible note received.

In *Parker v. Simonds*, 8 Met. (Mass.) 205, the replevied

property was never returned, and in a suit on the replevin bond plaintiff was allowed to recover its value.

In *Berry v. Hoeffner*, 56 Me. 170, the replevied property was accepted when returned. The point discussed was: "The question presented is whether a return of the goods replevied, *not* 'in like good order and condition as when taken,' is a sufficient compliance with and performance of the condition of the replevin bond?" While the bondsmen were liable according to their obligation to return the property in as good condition as when taken, the question of the right to reject the property because it was not returned in that condition was not decided.

In *Capital Lumbering Co. v. Learned*, 36 Or. 544, the suit was brought to recover the value of replevied property never returned.

*Childs v. Wilkinson*, 15 Tex. Civ. App. 687, was determined under a statute providing: "If the property tendered back by the defendant has been injured or damaged while in his possession under such bond, the sheriff or constable to whom the same is tendered shall not receive the same, unless the defendant at the same time tenders a reasonable amount for such injury or damage, to be judged of by such sheriff or constable."

In *Douglass v. Douglass*, 21 Wall. (U. S.) 98, the report shows: As authorized by a statute of Maryland, defendant, who lost possession of chattels under a writ of replevin, retook them by giving a bond. After a judgment had been rendered against him the goods were delivered to the sheriff under a writ *de retorno habendo*. This was held to satisfy the bond for a return of the chattels, though they were not in as good condition as when the bond was given. It was further held that redress for injury to the property in the meantime should be sought in a separate action.

In harmony with those cases it was said in *Eickhoff v. Eikenbary*, 52 Neb. 332: "In order to satisfy a judgment for the return of property the identical property must be tendered in substantially the condition in which it was received."

While the cases cited are precedents for holding that the return of damaged property does not satisfy the replevin bond or the judgment in replevin, they do not contain an announcement of the doctrine that the identical ·property replevied, when of great value, may be rejected on the sole ground of deterioration. The contrary doctrine is supported by both reason and authority. The principal questions litigated in replevin are the ownership and the right of possession of specific chattels. The adjudication of those questions is not a matter which either party may lightly disregard. It is not optional with a successful defendant in replevin to accept in money the value fixed by the jury in lieu of the property. The judgment is in the alternative. The purpose of fixing the value is to afford a measure of relief, where the property is not, or cannot be, returned. Injury to replevied property while wrongfully detained and failure of the defendant to comply with a judgment in replevin are protected by the replevin bond. Under the code of this state the law is:

"The successful party to an action of replevin should recover therein all damage which he has actually sustained by reason of the unlawful detention of the property in controversy.

"A defendant who has in an action of replevin recovered judgment for the return of the property and his damage for the wrongful detention thereof cannot thereafter maintain an action against the plaintiff for damage on account of depreciation in the value of such property while in possession of the latter." *Teel v. Miles*, 51 Neb. 542.

Damages to property after the rendition of a judgment for its return are recoverable in an action on the replevin bond. A text-writer on Replevin says: "If the property has in fact been injured while in the plaintiff's possession, that fact will not absolve the defendant from the duty of receiving it in its damaged condition. The judgment for a return does not leave it at the option of the defendant to accept or refuse and demand the value. The depreciation is, however, to be made good, and the party may receive

full indemnity by suit on the bond." Wells, Replevin (2d ed.) sec. 422.

Another author states the law as follows: "Whichever party recovers a judgment for a delivery or return of the property, in replevin, when the same is in the possession of the adversary, is bound to accept the return of it, or the return of a substantial part of it. In case of the tender of a part of it, such tender of return should be accompanied by a tender of the money value of the remainder in satisfaction of the judgment for a return or for a payment of the value in case a return cannot be had. The party has a right to deliver or return what he can, and pay for that which he cannot deliver. This is true, if the part offered to be returned is separable from the others and in no way dependent upon it for use or value, and the part tendered is in the same condition as when taken." Shinn, Replevin, sec. 679, citing *Reavis v. Horner*, 11 Neb. 479. The views thus expressed seem to be justified by both reason and authority. *Leeper, Graves & Co. v. First Nat. Bank*, 26 Okla. 707, 29 L. R. A. n. s. 747; *Paulson v. Nichols & Shepard Co.*, 8 N. Dak. 606; *Pabst's Brewing Co. v. Rapid Safety Filter Co.*, 54 Misc. Rep. (N. Y.) 305; *Allen v. Fox*, 51 N. Y. 562; *Pickett v. Bridges*, 10 Humph. (Tenn.) 171; *Washington Ice Co. v. Webster*, 125 U. S. 426.

In the present case, the conclusion is that plaintiff's refusal to accept the property when returned was not justified by the evidence nor sanctioned by the law. The opinion to the contrary is therefore overruled. It necessarily follows that the former conditional affirmance is vacated, the judgment of the district court reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., LETTON and HAMER, JJ., dissent upon the ground and reasoning contained in the former opinion.