## FRANCES CLAPP HALL *vs.* THE SMEDLEY COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 13th—decided July 31st, 1930.

*Charles S. Hamilton* and *John J. Sullivan,* for the appellant (plaintiff).

*William L. Hadden* and *Ellsworth B. Foote*, with whom, on the brief, was *David E. FitzGerald*, for the appellee (defendant).

HINMAN, J. This action pertained to the ownership and right of possession of numerous articles of household furniture and other personal property which had been contained in premises known as the Ferry Tavern, in Old Lyme, owned by the plaintiff, in which the defendant Helen F. Ryan, under an agreement with the plaintiff, conducted and managed a hotel business from 1924 to 1928. The contents of the premises included property previously owned by the plaintiff and removed thereto from other places, articles purchased and placed therein while Mrs. Ryan was in possession, and still other property brought by Mrs. Ryan from Kansas. In 1928 a controversy arose between the parties and in settlement thereof a contract (Exhibit I) was executed by them whereby, among other adjustments, Mrs. Ryan agreed to surrender possession of the premises on or before October 1st, 1928, and transferred to Mrs. Hall all the personal property placed on the premises by the latter and all articles "purchased and placed in said premises during the period of time that [Mrs. Ryan] has been in possession thereof." Late in September Mrs. Ryan caused a large quantity of furniture and other personal property to be removed from the Tavern premises and stored in the warehouse of the defendant Smedley Company where it remained until this action was brought. All of the property so stored, except a few inconsequential articles, was then removed by the officer serving the replevin writ and returned to the Ferry Tavern premises.

The determinative issues in the case relate to the ownership and consequent right to possession of the

various articles of personal property, and as to which of the articles were, in fact, removed from the Tavern by Mrs. Ryan. The case, from its nature, was conspicuously inappropriate to trial by a jury. It required the analysis and weighing of evidence as to the identity and ownership of multifarious items of household furniture, and other articles of use or ornament in connection with a hotel business, in order to determine which of the contesting parties was entitled to the possession of each. This was a task adapted only to the advantages for detailed investigation and deliberation afforded by a trial to the court or, preferably, before a state referee; it was unsuited to the opportunities open to a jury, reasonably within the limitations inherent in their situation, to perform research of this nature and extent. It is not surprising, then, to find that the verdict returned manifests a failure on the part of the jury to solve such a difficult and protracted analytical inquiry as the exigencies of the case required.

Various lists of articles included in the controversy were introduced in the course of the trial. One of these, Exhibit J, was made up of items of property which, the plaintiff conceded, were taken in the replevin action but which, she also admitted, were the property of the defendant Ryan. Many of these were of such size and nature as to afford no justification for taking, as having been so intermingled with other property as to render separation upon service of the replevin process impracticable. This concession necessarily required judgment for the return of these goods to the defendant Ryan. Another list, Exhibit K, comprised articles which, during the trial, Mrs. Ryan conceded were the property of Mrs. Hall, thereby entitling the plaintiff to judgment for retention thereof unless, as was the defendant's sole claim as to these,

none of them were taken from the Tavern by her and placed in storage. Still another list (Exhibit L) covered articles which the plaintiff claimed were purchased and placed in the premises during Mrs. Ryan's occupancy and, therefore, belonged to the plaintiff under the contract, Exhibit I. After the goods had been removed from the warehouse, under the replevin process, they were first placed in an enclosed porch at the Ferry Tavern and there, at plaintiff's request, were inventoried and appraised by two persons, Perkins and Dixson. The lists prepared by each of them were introduced as Exhibits F and G.

Comparison of these and other exhibits, and a careful survey of the oral testimony convinces us that the jury could not reasonably conclude, from the evidence, that none of the property listed in Exhibit K, conceded to belong to Mrs. Hall, was removed and stored by the defendant Ryan, or that all of the articles enumerated in Exhibit L were the individual property of Mrs. Ryan and that none of them were purchased and placed in the premises, during the time of her possession and so became the property of the plaintiff under the agreement, Exhibit I. Therefore the verdict awarding all of this property to the defendant Ryan may not stand. Also, we are unable to find in the evidence warrant for imposition of punitive damages, according to the legal rule hereafter discussed, or any basis for compensatory damages remotely approaching the amount which was awarded. There is no tangible evidence of material injury to the goods in question nor as to the actual damage through loss of use. The verdict must be set aside as against the evidence.

The foregoing conclusion renders superfluous discussion of the additional appeal further than may serve some helpful purpose in case of a retrial. The plaintiff requested a charge that the effect of her concession

that the goods enumerated in Exhibit J belonged to the defendant Ryan was to take them out of the case. The mere concession was not sufficient to discharge the plaintiff's duty—which was to take active measures to redeliver the property to the defendant, within a reasonable time, in the same condition as when taken. *Wallace* v. *Cox*, 94 Neb. 194, 142 N. W. 891, 47 L. R. A. (N. S.) 835; 23 R. C. L. p. 903. This not having been done, the defendant was entitled to a judgment for its return and lawful damages. The charge given on that subject was correct. The requests pertaining to the effect of the agreement, Exhibit I, as to the ownership of the several classes of goods was sufficiently complied with, although it would have been preferable, especially as to the goods purchased during Mrs. Ryan's occupancy, to follow the broad language of the contract itself.

The inclusion in the list of property covered by the plaintiff's affidavit to the replevin suit of certain items afterward conceded by her to belong to the defendant Ryan was made the subject of considerable cross-examination of the plaintiff. Any probable prejudice to her which might have resulted from a confusion in terms between ownership and believed right of possession was sufficiently safeguarded by the reading by the court, in ruling on a motion to strike out this evidence, of the actual wording of the affidavit, and the charge requested was unnecessary. Moreover, the plaintiff was claiming as owner, and not under any other and different possessory right. The cross-examination, itself, to which exception was taken, was admissible. Such other requests as plaintiff was entitled to have charged were sufficiently covered by the instructions given.

The trial court charged that exemplary damages are only to be allowed "where the evidence shows a reck-

less indifference to the rights of others, which is an intentional and wanton violation of those rights," thereby applying, substantially, the rule in this State as to torts. *Malley* v. *Lane,* 97 Conn. 133, 139, 115 Atl. 674; *Hanna* v. *Sweeney,* 78 Conn. 492, 62 Atl. 785. In replevin, punitive or exemplary damages are not allowable in the absence of fraud, malice, gross negligence or oppression. 34 Cyc. 1567; 23 R. C. L. p. 909. Reading the other extracts from the charge which are made grounds of appeal, in the light of the charge as a whole, discloses no material defects.

A list of articles of furniture, made by Mrs. Ryan, was offered and admitted as Exhibit 11. It appeared that, shortly before vacating the premises October 1st, 1928, Mrs. Ryan, accompanied by two other persons having no knowledge of the ownership of the several articles, sent at Mrs. Ryan's request by an attorney who had acted for Mrs. Hall in other matters, went through the house and inventoried all of the property then situated therein, Mrs. Ryan stating, as to each article, whether it belonged to her or to Mrs. Hall, and it was listed accordingly. The objection interposed, that this list was inadmissible, being a self-serving declaration, not binding upon Mrs. Hall, was well taken. The fact that lists made by the plaintiff had been admitted without objection afforded no legal justification for the overruling of opposition to this offer. The other rulings on evidence develop no harmful error.

Since the original appeal is from denial of a motion to set the verdict aside as against the evidence, all the evidence was certified and is printed as part of the record, as is proper under § 5692 of the General Statutes. There is included, also, all the rulings on evidence (some of which are, necessarily, set forth in the finding, and many others not made ground of appeal) together with lengthy arguments on such rulings; also

wordy controversies between counsel—many of which should not have been indulged in, or permitted by the trial court. The cumbering and substantial enlargement of the record by such material is not required by statute or rule and lacks justification. *Dejon* v. *Smedley Co.*, 108 Conn. 659, 671, 144 Atl. 473. Of the five hundred and five pages of record more than one hundred serve no useful purpose and entail a large and unnecessary expense to the appellant and the State.

There is error and a new trial is ordered.

In this opinion the other judges concurred.