EMMA KIESSLING v. ELMER C. KIESSLING

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 15802
AT WATERBURY

Memorandum filed December 18, 1946.

*John H. Cassidy,* of Waterbury, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendant.

TROLAND, J. This is an action brought by a wife against her husband in two counts, one seeking an allowance for her future support and maintenance as equitable relief and the other count, based on the provisions of General Statutes § 1717, seeking an order that the defendant contribute to her support and that execution be issued monthly for the payment of the amount ordered. The plaintiff filed an amended complaint May 16, 1945; the issues were joined by answer filed October 10, 1945.

On March 26, 1946, the court (*Pallotti, J.*) granted a motion of the plaintiff for inspection of certain records and documents under § 76 of the Practice Book and for disclosure of certain facts under §§ 72 and 73 of the Practice Book. Because of the defendant's failure to comply with the above orders the plaintiff duly filed a motion for default, which was granted by the court (*Alcorn, J.*) July 11, 1946.

Thereafter, on August 1, 1946, the plaintiff filed a written motion for a hearing in damages after default entered and that the hearing be to the jury in accordance with the provisions of General Statutes, § 5642; and also on said date filed a written claim that the cause be entered on the jury docket and it was so entered by the clerk.

The defendant now moves that the cause be struck from the jury docket on the ground that the action is in equity and the plaintiff is not entitled to a jury hearing in damages and that even if the action is based on § 1717 of the General Statutes as amended the plaintiff would not have been entitled to a jury trial and should not have one under the present claim.

The conduct of the defendant in failing to comply with the orders of the court appears from an inspection of documents in the file to be wilful. The court is concerned as to whether the defendant, being in default by virtue of such conduct, is invoking a rule of equity while his hands are not clean.

However, the action of the plaintiff is founded upon her right or equity to support from her husband. It is essentially an equitable action and not an action at law. The fact that the second count is set out under the provisions of § 1717 of the General Statutes does not change the nature of this particular case.

There is no claim for reimbursement for moneys heretofore expended by the plaintiff. It is not an action for damages expended by the plaintiff. It is not an action for damages except as supplemental to the equitable relief asked. In all respects this complaint is for an order addressed to the discretion of the court for an award of support in the future that is reasonable, equitable and just. Such an action is conspicuously inappropriate to a trial by jury. *Hall* v. *Smedley Company,* 112 Conn. 115, 117; *Bennett* v. *United Lumber & Supply Co.,* 110 Conn. 536, 538.

Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. *National Bank of Commerce* v. *Howland,* 128 Conn. 307, 310.

The plaintiff in various papers on file has referred to her action as equitable. The attention of the court has not been drawn to any similar cause tried to a jury.

The motion of the defendant to strike the action from the jury docket is granted.