JAMES E. BENNETT *vs.* THE UNITED LUMBER AND
SUPPLY COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th, 1929—decided January 15th, 1930.

*Robert J. Woodruff*, with whom, on the brief, was *John G. Confrey*, for the appellant (plaintiff).

*Walter J. Walsh*, with whom, on the brief, was *William H. Kingston*, for the appellee (defendant).

WHEELER, C. J. The action was brought in two counts; the first alleging the conversion by the defendant of a negotiable note for $2500 belonging to plaintiff, the second alleging that for more than eight years prior to the action the plaintiff had purchased goods of defendant and overpaid defendant more than $8000 upon defendant's representation that he then was indebted to it when no such indebtedness existed. The action upon the second count was in reality an action for an accounting involving many charges and credits between the parties aggregating upward of $50,000.

The trial was a protracted one; the account a difficult one to unravel. The printed evidence consists of three hundred and .sixty-six pages of the record, while there were introduced in evidence sixty-four exhibits. No action for an accounting, or one of this character, should be tried to the jury. It imposes upon a jury an impossible task, to expect them to carry in memory the details of a case of this character. It is unfair to a litigant to have his case determined by a tribunal which cannot fulfil that duty with accuracy or justice, however intelligent and desirous of doing their full duty the tribunal may be.

The defendant's answer denied the vital issues of fact which were essential to the plaintiff's cause of action. The defendant pleaded no counterclaim.

The jury rendered a verdict for the plaintiff for $80.14. The trial court set the verdict aside because it was of the opinion that the credits to which the defendant was entitled exceeded any claimed overpayments of the plaintiff and therefore the plaintiff was not entitled to any verdict. The underlying question in a motion to set aside a verdict of this inconsiderable amount in a case of this character where no counterclaim has been filed and no principle or question affected with a public interest is involved, is not whether a wrong conclusion of the jury should be allowed to prevail, but whether the State should be subjected to the large expense a new trial would involve and whether the machinery of the court should be used for a considerable period in order to give a litigant the right to try his case over again and perhaps in another trial secure a verdict which would relieve him from paying a small judgment. This defendant has had its day in court. "The right to an appeal is not a constitutional one, nor one based upon principles of natural justice. It is but a statutory

privilege." *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 133, 75 Atl. 709; *Neilson* v. *Perkins,* 86 Conn. 425, 428, 85 Atl. 686. We have held from an early time that a new trial will not be granted where the damages are small and when the ends of justice do not require it.

Thus, in *Hyatt* v. *Wood,* 3 Johns. (N. Y.) 239, 241, it was said: "It has frequently been decided in this court, that in cases where the damages are trifling, a new trial will not be granted after a verdict for the defendant, merely to give the plaintiff an opportunity to recover nominal damages, and when no end of justice is to be attained by it, though there may have been a misdirection of the judge."

In *Shipman* v. *Horton,* 17 Conn. 481, 487, we said: "We have no rule, as in some of the courts in England, that we will not grant a new trial where the sum in controversy is less than 20*l.* *Jones* v. *Dale,* 9 Price [Eng. Exch.] 592. But where the mistake, if any, can make but trifling difference, we should be disposed to follow the practice in New York and deny a new trial. *Hyatt* v. *Wood,* 3 Johns. [N. Y.] 239."

In *Buddington* v. *Knowles,* 30 Conn. 26, our court, in an opinion by ELLSWORTH, J., states our rule in these words: "It is a sufficient objection to granting a new trial for excessive damages, that the verdict is only for $66, an amount too trivial to warrant a renewal of the controversy, unless courts of justice are kept open to gratify the evil passions of mankind. To grant the defendant's request will be to punish the defendant himself, were it certain that the damages would be reduced on another trial, which, however it is not, either as matter of law on the evidence before us, or as a matter of fact. Such a practice we cannot encourage, and we take this opportunity to say that a new trial in such cases should not be asked for,

unless the case be one which involves something more than a trifling sum of money." See also *Brown* v. *Southbury*, 53 Conn. 212, 214, 1 Atl. 819; *Musial* v. *Kudlik*, 87 Conn. 164, 168, 87 Atl. 551; *Hull* v. *Bartlett*, 49 Conn. 64, 66.

A verdict of $80.14 is in purchasing power far smaller than the verdict for $66, set aside in *Buddington* v. *Knowles, supra*. This case is pre-eminently one for the application of the rule adopted in these cases, and solely upon that ground we think there was error in setting this verdict aside.

There is error, the judgment is set aside and the Superior Court directed to enter judgment upon the verdict.

In this opinion the other judges concurred.