## SILAS J. STOW
### vs.
## GROTON SAVINGS BANK

Superior Court     New Haven County     File #51579

MEMORANDUM FILED JUNE 21, 1938.

Woodruff, Klein & White, of New Haven, for the Plaintiff.

Hull, McGuire & Hull, of New London, for the Defendant.

FOSTER, J. This action is in three counts claiming a

breach of contract and conversion. The complaint is skil-
fully drawn so as to set forth issues of law and not issues in
equity, thus apparently giving the plaintiff the constitutional
right to a trial by jury. The first count is by reference made
a part of the second count and of the third count.

Upon close examination of pleadings and the exhibits at-
tached to the complaint, we find that while it is true that
issues of law are presented, it is equally true that the predom-
inant issue presented is whether or not the defendant should
account to the plaintiff and, if so, the rendering of such ac-
count. An accounting by the defendant is necessary in order
that any judgment of a proper amount be rendered in favor
of the plaintiff, or in order that a proper judgment be ren-
dered in favor of the defendant.

An action for an accounting should be tried to the Court
and not to the jury. General Statutes, Revision of 1930,
§5624.

Justice to plaintiff and defendant requires that this case be
tried to the Court and not to the jury. No judge would be
able to decide this case properly without having before him
a transcript of the evidence; much less would a jury be able
to render a proper decision from memory of the evidence.

As was said by our Supreme Court of Errors: "No action
for an accounting, or one of this character, should be tried
to the jury. It imposes upon a jury an impossible task, to
expect them to carry in memory the details of a case of this
character. It is unfair to a litigant to have his case determ-
ined by a tribunal which cannot fulfil that duty with accuracy
or justice, however intelligent and desirous of doing their full
duty the tribunal may be." *Bennett vs. United Lumber &
Supply Co.,* 110 Conn. 536, 538.

In this case there are certain issues that might be tried to
the jury; but there are certain other issues that should only
be tried to the jury by consent of the parties or order of
Court.

The plaintiff filed a general claim that the case be placed
on the jury docket. The Court, upon motion of the defend-
ant, struck the case from the jury docket. No claim has
been made that certain specific issues of a legal nature as dis-
tinguished from the equitable nature be tried to the jury. The
Court has made no order that the entire case be placed upon

the jury docket, nor has the defendant consented to such disposition.

The motion that the case be restored to the jury docket is denied.