THE SAVINGS BANK OF NEW LONDON *v.* KATIE SANTANIELLO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and CORNELL, Js.

Argued May 5—decided June 29, 1943.

*Harry Schwartz*, with whom were *Griswold Morgan* and, on the brief, *George C. Morgan*, for the appellant (named defendant).

*J. Rodney Smith*, for the appellee (plaintiff).

JENNINGS, J.   The principal question involved in this appeal is whether a defendant who files a cross-complaint in a foreclosure action has an absolute right to a jury trial under the circumstances here disclosed.

The pleadings and judgment in the case cover thirty-five pages of the printed record but are not as complicated as this statement would indicate.   The substi-

tuted complaint claimed foreclosure of two mortgages, the notes which these mortgages secured being signed by the named defendant, hereafter referred to as the defendant. In her answer the defendant denied the debt and filed a cross-complaint for money damages based on the mismanagement by the plaintiff's assignor, whose debts the plaintiff had assumed, of certain securities held by the assignor as collateral to notes other than the mortgage debts. As relief she claimed damages, the cancellation of the notes for which the securities were collateral and a set-off. The plaintiff answered this cross-complaint and filed a counterclaim claiming a balance due on the same notes which were the basis of the defendant's cross-complaint. Both plaintiff's and defendant's pleadings were supported by elaborate exhibits containing statements of accounts.

The defendant seasonably claimed the case for the jury, but when it came on for trial the trial judge of his own motion struck the case from the jury docket. In taking this action the trial court cited *Bennett* v. *United Lumber & Supply Co.*, 110 Conn. 536, 148 Atl. 369, in which Chief Justice Wheeler said (p. 538): "No action for an accounting, or one of this character, should be tried to the jury. It imposes upon a jury an impossible task, to expect them to carry in memory the details of a case of this character. It is unfair to a litigant to have his case determined by a tribunal which cannot fulfil that duty with accuracy or justice, however intelligent and desirous of doing their full duty the tribunal may be." See also *Hall* v. *Smedley Co.*, 112 Conn. 115, 117, 151 Atl. 321.

The constitutional right of a litigant to a jury trial has been frequently examined in this state and many of the cases are cited in *Berry* v. *Hartford National Bank & Trust Co.*, 125 Conn. 615, 7 Atl. (2d) 847.

The precise question arises here: Does the filing of a cross-complaint by the defendant in a foreclosure suit, raising some legal issues, change the rule so that the defendant can demand the trial of these legal issues to the jury as of right? This question does not appear to have been passed on in this state.

The plaintiff's complaint asking for the strict foreclosure of a mortgage was a purely equitable action and, as such, not triable by a jury as of right. *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 262, 64 Atl. 338; *Young* v. *Vail*, 29 N. M. 324, 355, 222 Pac. 912, 34 A.L.R. 980. The defendant's cross-complaint and the plaintiff's counterclaim dealt with an entirely separate series of transactions which had no relation whatever to the foreclosure suit or to each other except as the result might determine the net balance due, since the parties were the same. The defendant's claims are summarized as follows in the trial court's memorandum: (1) unauthorized speculation with her stock, followed by a fraudulent procurement of a $1200 note to make good a debt; (2) appropriation of a payment of $3000 in cash with no credit given; (3) payment of interest without credit; (4) neglect and refusal to sell the collateral when directed, to the loss of the defendant; (5) neglect to sell certain warrants; (6) receipt of stock dividends without credit being given for them; (7) breach of trust in the sale of real estate; and a final claim that the plaintiff's books of account and record are false, fraudulent and fictitious. As stated above, the defendant had filed a general claim for a jury trial and the case was on the jury docket, trial and assignment list.

The plaintiff made no objection to the filing of the cross-complaint and the case was fully tried out on the pleadings described. Where this not unusual situation exists, the rule is "Where in a complaint separate and

distinct causes of action are joined, one at law and one in equity, either party has the right to have a jury trial of the issues involved in the cause of action at law. *Purdy* v. *Watts,* supra [91 Conn. 214, 217, 99 Atl. 496]. So where there is involved in a case a cause of action for damages properly cognizable at law, the fact that relief in equity in aid of or supplemental to it is also demanded will not destroy the right of either party to have the issues at law submitted to the jury . . . On the other hand, where the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury trial." *Berry* v. *Hartford National Bank & Trust Co.,* supra, 618, 619.

Applying this rule to these pleadings, it will be seen that the prayer for cancellation of the notes called for relief which could be granted only in equity. The remaining prayer for relief reads: "$29,950.00 damages, or so much of said sum as may be found to be due to her, set off against the plaintiff's claim." As is held in the *Berry* case, the fact that damages are claimed is not conclusive. The defendant has herself defined her claimed right as one of set-off and her pleading as a cross-complaint. This was correct. A counterclaim arises out of the same transaction described in the complaint. A set-off is independent thereof. *Schaefer* v. *O. K. Tool Co., Inc.,* 110 Conn. 528, 530, 148 Atl. 330. The decisive question therefore is whether the set-off claimed is legal or equitable.

Set-off was unknown to the common law. *Sullivan* v. *Merchants National Bank,* 108 Conn. 497, 499, 144 Atl. 34. It was, however, early recognized in equity, which exercised its broad powers to prevent circuity of action (ibid.; *Downing* v. *Wilcox,* 84 Conn.

437, 441, 80 Atl. 288), to enforce the maxim that he who seeks equity must himself do equity (*Goodwin* v. *Keney,* 49 Conn. 563, 569; *Rowan* v. *Sharps' Rifle Mfg. Co.,* 29 Conn. 282, 324; *Phelps* v. *Ellsworth,* 3 Day 397) and, in general, to do equity between the parties where such legal right of set-off as existed was not adequate to accomplish this result and the case fell within the limits of recognized equitable principles. *Lindsay* v. *Jackson,* 2 Paige 581, 2 N. Y. Ch. (Law. Ed.) 1038, note; *Rowan* v. *Sharps' Rifle Mfg. Co.,* 31 Conn. 1, 23.

Legal set-off is governed in this state by General Statutes, § 5551. A condition precedent to its application is that it shall be in answer to a suit on a debt. The plaintiff's action was not a suit on a debt but one for strict foreclosure. It follows that, assuming that the defendant had the right to file this cross-complaint in a foreclosure action, as to which no opinion is expressed, her right is based on equitable principles. It is to be noted that she elected to come into equity and she should not now be heard to complain of her failure to secure a jury trial. Had this seemed so important to her, she could have brought an independent action.

The defendant's main reliance is on General Statutes, § 5626, providing that when a case is on the jury docket the determination of equitable issues raised therein shall not prevent a jury trial on the question of damages. As has been pointed out, the underlying basis of the defendant's claim as pleaded was equitable and the case falls rather under General Statutes, § 5625, which permits the trial of issues of fact in an equitable action by order of court. No such order was requested here and the legal and equitable issues were so interwoven that their segregation would have been difficult, if not impossible. The defendant must stand by her election. *Young* v. *Vail,* supra, 378. There was

no error in the ruling striking the case from the jury docket.

It appeared during the trial that the Mariners Savings Bank in New London was merged with the plaintiff under the authority and supervision of the state banking commissioner. The trial court concluded that the transactions now complained of by the defendant were not proven. The memorandum of decision states: "The plaintiff has set up a case substantiated by documentary evidence which clearly entitles it to judgment unless the unsupported testimony of the defendant is believed. Upon the whole picture she was either an innocent dupe of the bank official Harwood [of the Mariners Bank], who concededly was an embezzler and suicide; or is an opportunist, to put it mildly, seeking to take advantage of his reputation and death." With respect to this issue the defendant offered the testimony of three New London lawyers and sought to elicit from them statements made to them by her with respect to the subject matter of this litigation. These statements and conversations were clearly self-serving declarations and were inadmissable for any purpose. *Warner* v. *Warner*, 124 Conn. 625, 637, 1 Atl. (2d) 911.

Harold S. Williams, a state bank examiner, testified at length concerning his examination of the records of the Mariners Savings Bank at the time of the suicide of Mr. Harwood. He was then asked for what purpose he was sent to the bank and the question was excluded on objection. What Mr. Williams did was admissible and, as stated above, was detailed in the evidence. The purpose was irrelevant and the ruling on evidence correct.

The defendant in her assignments of error sought to have one hundred and twenty paragraphs of her draft finding found, and attacked some sixty paragraphs of

the finding; yet in her brief she presses only four objections to the finding. Such a procedure imposes an unjustifiable burden upon the court and opposing counsel, and is deserving of severe condemnation. The corrections pursued in the brief are largely based on the refusal of the trial court to believe the testimony of the defendant. It was in part contrary to facts of record. The credit to be accorded her testimony was for the trial court to determine and it might refuse to believe it even where there was no evidence directly to the contrary. *Morse* v. *Morse,* 128 Conn. 138, 20 Atl. (2d) 730. No corrections in the finding are required.

There is no error.

In this opinion the other judges concurred.