JULIAN TOMAINO *v.* HARRISON R. HOYT

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 85322

Memorandum filed November 26, 1952.

*McNamara, Kaufman & Jones,* of Bridgeport, for the Plaintiff.

*Burton F. Sherwood,* of Danbury, for the Defendant.

KING, J. The complaint, amplified by more specific statements, and as modified by an amendment, alleges a cause of action growing out of a partnership and joint venture in the sale of hats and the racing of trotting horses.

The plaintiff sues for damages for money claimed to be due him. The answer amounts to a general denial as to the first and third counts. As to the second count, the defendant admits the alleged joint

ownership in the trotting horses, denies the balance of that count and, as a special defense, pleads that the defendant has fully accounted to the plaintiff for anything owing to him. The reply denies the allegations of the special defense. The plaintiff filed a general claim for the jury docket and the defendant filed this motion to strike the case from the jury docket.

It cannot be said from an inspection of the pleadings that the action is equitable in its nature, as claimed by the defendant. As far as appears, the plaintiff claims an indebtedness from the defendant which could be determined in an action at law. It follows that the case cannot be stricken from the jury docket.

That (1) this claimed indebtedness had its origin in a joint venture or partnership and (2) originally there was a demand for an accounting arouses suspicion that in essence an equitable proceeding in accounting is sought. However, this cannot be definitely determined to be so, and the right of trial by jury cannot be denied on mere suspicion. *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 618; General Statutes, § 7936.

Counsel for the plaintiff undoubtedly knows what the trial of the case actually involves, and his attention is directed to his duty, as an officer of the court, not to claim this case to the jury if it in fact involves a complicated series of transactions which are not susceptible of a fair or just determination by a jury. *Bennett* v. *United Lumber & Supply Co.,* 110 Conn. 536, 538. As it now stands, the matter must be left to the sense of fairness and professional responsibility of plaintiff's counsel.

The motion to strike from the jury docket is denied.