[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE JURY CLAIM
In this mortgage foreclosure action, in which defendant Plymouth Common Realty Corporation (hereinafter Plymouth) interposed equitable special defenses and legal counterclaims and filed a jury claim, plaintiff moves to strike the jury claim.
Plaintiff's complaint alleges: Plymouth executed a promissory note in favor of plaintiff in the face amount of $1,000,000 secured by a mortgage and collateral assignment of other assets; said note is in default because Plymouth failed to pay real estate taxes and sewer charges, and to comply with environmental requirements. Plaintiff seeks foreclosures of the mortgage, immediate possession of the premise, deficiency judgment, and other equitable relief.
Plymouth's answer admits execution of the note, mortgage and collateral assignment, and denies or leaves plaintiff to its proof as to the other allegations of the complaint. Plymouth alleges special defenses of waiver of certain mortgage provisions, equitable estoppel, laches, plaintiff's inequitable conduct and breach of good faith. Plymouth also asserts four counterclaims; the first count alleges breach of fiduciary responsibilities owed by the plaintiff to defendant arising out of the loan relationship and out of an agreement under which all rents from tenants were to be sent to a lock box at the plaintiff bank and from those funds plaintiff was to pay mortgage installments, real estate taxes and other charges; the second count alleges violation of Connecticut Unfair Trade Practices Act, 42-110a et seq., by plaintiff disclosing defendant's personal financial information to second mortgagees, failing to inform Plymouth of receipts and CT Page 6544 expenditures from lock box funds, conspiring with another lending institution to exert financial pressure on Plymouth; the third count alleges plaintiff negligently and fraudulently dealt with lockbox funds; and the fourth count alleges plaintiff breached a partnership agreement with Plymouth by exercising such control and management of the premises as to exclude Plymouth. These counterclaims all state legal causes of action.
The Connecticut constitution, article first, 19 state. "The right of trial by jury shall remain inviolate." This provision has been construed to mean that if an action exists at common law and involves a legal remedy, the right to a jury trial exists. Skinner v. Angliker, 211 Conn. 370, 376 (1989). But the constitutional provision does not mandate a right to a jury trial in an equitable action and Conn. Gen. Stats. 52-215
specifically excludes from juries "questions properly cognizable in equity." When legal and equitable issues are combined in a single action, the right to a jury trial "depends on the relative importance of the two types of claims." United States Trust Co. v. Bohart, 197 Conn. 34, 45 (1985). To determine whether the action is essentially legal or essentially equitable, the court must examine the pleadings in their entirety. Texas Inc. v. Golart, 206 Conn. 454, 459
(1988).
In Texaco the plaintiff sought specific performance of a purchase option, an equitable action, and defendant in its counterclaim sought to invalidate the option on the grounds of fraud. The court found the counterclaim of fraud in the inducement to be an equitable defense and upheld the denial of a jury trial.
In United States Trust Co. v. Bohart, supra, plaintiff sought approval of a trust accounting prior to distributing trust assets, an equitable action, and defendant counterclaimed on basis of plaintiff's mismanagement of funds. The court found defendant's counterclaim was, in essence, a challenge to a proposed trust account, equitable in nature and upheld denial of a jury trial.
Similarly in Franchi v. Farholme Inc., 191 Conn. 201
(1978) where plaintiff sought to have defendant vacate premises and defendant defended on the ground a purported deed was a mortgage, the court found that defense to be be equitable and upheld denial of a jury trial.
Directly in point is Savings Bank of New London v. Santaniello, 130 Conn. 206 (1943). In that case plaintiff sought foreclosure of a mortgage and plaintiff counterclaimed CT Page 6545 for damages and other relief on the basis of a series of transactions unrelated to the foreclosure action. The court finding her claim to be a set-off, allowable in equity, and governed by equitable principles, accordingly, upheld denial of a jury trial.
Here the defendant's counterclaim for breach of contract, violation of CUTPA, and negligence are all legal causes of action. In terms of their relative importance in the action, they are not ancillary to, but rather, on equal basis with plaintiff's foreclosure claim.
A counterclaim is an independent action, United States Trust Co. v. Bohart, supra, p. 45. When distinct causes are joined, one in equity, as plaintiff's claim here, and one in law, as defendant's counterclaims, the defendant has a right to have a jury trial of its legal causes of action. Berry v. Hartford National Bank and Trust Co., 125 Conn. 615, 619
(1939), Savings Bank of New London v. Santaniello, supra, 209-10.
Santaniello, by way of dicta, implies that even if the defendant's counterclaim were in law, by defendant interposing it in plaintiff's equity action, "she should not be heard to complain of her failure to secure a jury trial. Had this seemed so important to her, she should have brought about an independent action." (p. 211). This notion of waiver is not picked up in any other Supreme Court cases. In this court's view it is legally unsound. The right to a jury trial is a fundamental constitutional right and should not be deemed waived by asserting a legal counterclaim in an equitable action. Moreover, to require that the right can only be realized by defendant bringing a separate action needlessly clogs the courts and causes litigants needless expense. As long ago as 1890 our Supreme Court said in Weller v. Rhodes,59 Conn. 498, 503: "It is now an established principle in our law of civil procedure that two suits must not be brought to determine matters in controversy between the same parties, whether relating to legal or equitable rights or both, when such determination can be had as effectively and properly in one suit." See also Beach v. Beach Hotel Corp., 117 Conn. 445,452 (1933).
The notion of jury trial in foreclosure actions threatens the expectations of mortgagees of expeditious disposition of these actions. That expectation does not derive from any rule of law. To the extent that a need for quick action in a foreclosure case is demonstrated, our courts are alert and flexible enough to accommodate that need. More important, the expectation cannot override the defendant's CT Page 6546 constitutional right to a jury trial on his legal claims.
The motion to strike the jury claim is denied.
SATTER, J.