[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS MOTION TO STRIKE COUNTERCLAIM
This is an action for personal injuries arising from an automobile accident, in which the plaintiffs, the driver and passenger of one of the involved automobiles, have sued the driver of the other vehicle on a negligence theory. The defendant's amended answer includes the special defense of comparative negligence and a counterclaim alleging negligence against the driver of the plaintiff's car.
The defendant's counterclaim requests an apportionment of liability under General Statutes 52-572h and a "setoff" based upon the percentage of negligence of the plaintiff-driver. The plaintiffs have moved to strike the counterclaim on the grounds that apportionment of liability under General Statutes 52-572h
is insufficient to support a cause of action upon which relief may be granted, and that if the defendant is seeking contribution, such a claim is premature.
Our Supreme Court has defined a counterclaim under Practice Book 116 as "a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160 (1983). Miller v. Dickinson,3 Conn. L. Rptr. 308, 309 (March 7, 1991, Schimelman, J.). A claim for CT Page 6821 apportionment of damages under General Statutes 52-572h(c) does not constitute a "cause of action," and the defendant could not have brought a separate action to secure this relief. At least one court has struck a counterclaim seeking apportionment of liability under General Statutes 52-572h on the ground that the claim "fails to seek affirmative relief as required by Practice Book 116." Miller v. Dickinson, 3 Conn. L. Rptr 308, 309 March 7, 1991, Schimelman, J.). We conclude that the defendant's counterclaim is legally insufficient insofar as it seeks apportionment of liability under General Statutes 52-572h(c).
Assuming that the defendant's counterclaim could be read as a claim for contribution, we note that such exists only in "parties who . . . are required to pay more than their proportionate share" of a judgment entered against more than one defendant. However, such a claim does not arise, if at all, until judgment is entered in the original action, and, a claim for contribution by way of counterclaim is premature. See Rondeau v. Ritenour,1 Conn. L. Rptr. 413, 414 (March 28, 1990, Spear, J.).
The prayer for relief contained in the counterclaim characterizes the claim as a setoff. Our Supreme Court has defined a setoff as "a claim by a defendant on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943); see also Daniels v. Martinczak, 5 Conn. L. Rptr. 429, 430 (January 10, 1992, Schaller, J.). Defendant's counterclaim does not allege facts which, construed in the light most favorable to the pleading party, would assert the existence of a "debt independent of the action sued upon", and is therefore, insufficient insofar as it purports to assert a setoff.
Finally, it should be noted, that General Statutes52-572h(c) provides for the apportionment of liability among negligent parties, and that the plaintiff-driver, by virtue of the defendant's special defense of comparative negligence, may be considered a negligent party for purposes of apportioning liability.
Motion to Strike Counterclaim granted.
Wagner, J. CT Page 6822