[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Traditionally, it has been said that a set-off is a claim by defendant against plaintiff on a debt independent of the action sued upon. Savings Bank of New London v. Santaniello,130 Conn. 206, 211 (1943). The third, fourth and fifth special defenses all claim equitable[1] set-off for money received by plaintiff as a result of the underlying car accident. But the right to this money stems from an insurance contract between the parties, as regulated by 38-175a-6(a)-(d) of the Regulations of Connecticut state Agencies, which entitles plaintiff to recover for injuries arising out of a motor vehicle accident caused by an uninsured motor vehicle and which allows for the reduction of limits of the insurer's liability to the extent that damages have been paid by the tortfeasor, and by way of basic reparation benefits, etc. Therefore, the right to an equitable set-off does arise out of the same transaction. Therefore, the motion to strike special defenses three, four and five is granted. Additionally, the second special defense is also stricken. See Whitely v. Sebas, 3 Conn. L. Rptr. No. 12, 370 (March 18, 1991) and cases cited therein.
Both the set-offs and collateral source reductions claimed address the judgment to be satisfied. The court can assume the responsibility of taking evidence and making the required reduction in damages after the verdict. Zagaja v. Guerrera,1 Conn. L. Rptr. 401 (1990). See Lumbermens Mutual Casualty Co. v. Huntley, 223 Conn. 22 (1992).
KATZ, J.