[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#122)
The plaintiff brings this action against the defendant for injuries suffered while using an allegedly defective razor manufactured by the defendant. The defendant filed an answer and five special defenses, the fifth of which claims a reduction of any jury award by the amount received by plaintiff as collateral sources. The plaintiff moves to strike this special defense and the defendant objects to the motion.
The plaintiff argues that the special defense is insufficient because reduction of awards is mandatory under General Statutes52-225a and thus, does not need to be plead as a special defense, and that it does not demonstrate the inability of plaintiff's CT Page 7765 cause of action, the proper purpose of a special defense. The defendant argues that it is a proper special defense that is similar to a setoff.
The defendant's rights under the collateral source rule of52-225a do not constitute a setoff. A setoff has been defined as "a claim by a defendant against a plaintiff on a debt independent of the action sued upon. Daniels v. Martinezak,5 Conn. L. Rptr. 429, 430 (January 10, 1992, Schaller, J.) quoting Savings Bank of New London v. Sentaniello, 130 Conn. 206, 211 (1943). Thus a setoff involves a reduction in an award because of a debt owed the defendant by the plaintiff. Because collateral source payments do not fit into the definition of a setoff, "a collateral source reduction is not a setoff." Id.
General Statutes 52-225a provides that the court shall reduce the amount of any award by collateral sources; it is thus mandatory and not permissive. See e.g. Farricielli v. Personnel Appeal Board, 186 Conn. 198, 203 (1982). Thus, the court must, after verdict, follow the procedure in 52-225a and there is no need to plead the issue as a collateral source. Burrell v. Violette, 4 Conn. L. Rptr. 350, 352 (July 2, 1991, Ziller, J.). Defendant's fears of losing its right for reduction pursuant to52-225a unless plead as a special defense are thus unfounded.
"Pleading collateral source payments as a special defense is not only conceptually inappropriate, it is also undesirable as a pretrial matter." Zagaja v. Guerra, 1 CTLR 401, 402 (March 23, 1992, Maloney, J.) This is because special defenses need to be answered, and invite motions to strike, requests to revise, etc. Id. "Since defendant already has a clear right to a post-verdict reduction for collateral source payments to plaintiff,"; Burrell, supra, and "[p]leading collateral source as an affirmative defense does not comply with the rule of pleading special defenses contained in Practice Book 164"; Daniels, supra, the majority of superior courts have struck such special defenses. See also Ky v. Pedace, 5 Conn. L. Rptr. 393 (December 30, 1991, Corrigan, J.); Davis v. Nichols, 5 Conn. L. Rptr. 64 (September 30, 1991, McGrath, J.); Voluk v. Mathews, 4 Conn. L. Rptr. 16 (May 2, 1991, Fuller, J.). Therefore, plaintiff's motion to strike defendant's fifth special defense is granted.
COFIELD, J.