[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an incident that occurred on October 5, 1991, involving the minor plaintiff, Karthik Devarajan. In their four-count complaint, filed on May 22, 1992, plaintiffs Karthik Devarajan and Raj Devarajan allege CT Page 9918 that Karthik Devarajan was injured when he was kicked by a horse while attending the Berlin Fair. As a result of injuries allegedly sustained by the minor plaintiff, plaintiffs are seeking money damages. Defendants, The Berlin Fair Agricultural Association, Inc. (hereinafter "Berlin Fair"), and Berlin Lions Club, filed their answer and special defenses on August 17, 1992.[1]
On August 20, 1992, plaintiffs moved to strike the second special defense raised by Berlin Fair and Berlin Lions Club, and defendants filed their memorandum in opposition on September 8, 1992.
The motion to strike tests the legal sufficiency of a pleading, Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989); Practice Book 152; and it may be used to challenge the legal sufficiency of a special defense. Practice Book 152 (5). When ruling on a motion to strike, the court is restricted to the alleged facts, and the court must construe those facts in the light most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1072 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
Defendants' second special defense seeks a reduction in plaintiffs' award from collateral source payments. Defendants' second special defense states that:
 The plaintiff, Karthik Devarajan, seeks compensation for personal injury in a civil action occurring on or after October 1, 1986. In connection with the aforementioned personal injury, certain amounts have been paid to this plaintiff from collateral sources as defined by Connecticut General Statutes [section] 52-225b, as amended. In the event that the trier of facts awards damages for personal injury to compensate this plaintiff, the defendant is entitled to a reduction in any such award in the amounts paid to this plaintiff from collateral sources, as aforesaid, in accordance with the provisions of Connecticut General Statutes CT Page 9919 [section] 52-225a, as amended.
Plaintiffs contend that General Statutes 52-225a
provides that collateral source payment reductions are made by the court at a mandatory, post-verdict hearing, and they maintain that the failure of a defendant to assert such a special defense does not affect this statutory post-verdict procedure. Plaintiffs observe that the legislature's intent in enacting52-225a was to prevent the jury from discovering "the existence of amounts already paid to the plaintiff, which might prove prejudicial to a party in the action." Plaintiffs' Memorandum, p. 4, citing Wiggins v. Johnson, 1 Conn. L. Rptr. 228
(January 25, 1990, Corrigan, J.).
Defendants counter that they have properly pleaded collateral source reductions "in light of Connecticut General Statutes [Section] 52-225b, which provides a setoff for payments received by the plaintiff from collateral sources." Defendants' Memorandum, p. 2. In addition, defendants contend that Practice Book 168 requires that a setoff must be pleaded in an answer. (Emphasis provided).
General Statutes 52-225a governs collateral source payment reductions in personal injury and wrongful death actions. Section 52-225a(a) provides, in relevant part, that "[i]n any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987 . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . ." Section52-225a(b) further provides that "[u]pon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment . . ." a court must "receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment."
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992), citing Practice Book 164. The legal sufficiency CT Page 9920 of a special defense is determined "by reference to Practice Book [Section] 164 . . ." and "if the facts provable `under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff['s] allegations, that the plaintiff has no cause of action, then the motion to strike must fail."' Zajac v. Bock, 6 CTLR 473, 474 (May 26, 1992, Pickett, J.), quoting Daniels v. Martinczak, 5 CTLR 429, 430 (January 10, 1992, Schaller, J.).
In the instant matter, defendants' second special defense asserts that, if plaintiffs are awarded damages, then defendants are entitled to reduce such award "in the amounts paid to this plaintiff from collateral sources . . . in accordance with the provisions of Connecticut General Statutes [section] 52-225a as amended." However, this fact, construed in a manner most favorable to defendants fails to demonstrate that plaintiffs have no cause of action. Collateral source reductions, pursuant to General Statutes 52-225a are "undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is `totally outside the scope of trial and which would be inadmissible there."' Daniels v. Martinczak, supra, 430, quoting Zagaja v. Guerrera,1 Conn. L. Rptr. 401, 402 (March 23, 1990, Maloney, J.). Essentially, such a reduction is "a charge against that which is awarded to the plaintiff after it has proven the elements of his or her cause of action." (Emphasis in original). Id. A special defense is raised to offer evidence on a legal issue or concept at the time of trial, and a special defense is not necessary "to obtain the benefits allowed by 52-225a because the court is required to make appropriate adjustments after the trial" pursuant to the statute. Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., 5 CTLR 460, 461 (January 13, 1992, Fuller, J.).[2]
Defendants also argue that the second special defense is appropriately pled because Practice Book 168 requires "that a setoff be pleaded." Section 168 does require that a right of set-off must be pleaded; however, a collateral source payment does not constitute a set-off. Zajac v. Bock, supra, 474, citing Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., supra, 460. A set-off arises out of facts independent from a plaintiff's cause of action and is a "`claim by a defendant against a plaintiff on a debt independent of the action sued upon."' Zajac v. Bock, supra 474, CT Page 9921 quoting Savings Bank of New London v. Santaniello, 130 Conn. 206,211, 33 A.2d 126 (1943). A condition precedent to a setoff is that the defendant's claim arises out of a debt owed by the plaintiff. Valuk v. Mathews, 4 CTLR 16, 17 (May 2, 1991, Fuller, J.). A collateral source payment is made to a plaintiff based upon an insurance policy, or a contract to pay or to reimburse the plaintiff for health care services. Id., 17. Therefore, by definition, a collateral source payment is not the basis for a set-off because it is not a claim by a defendant against a plaintiff based upon a debt owed to the defendant by the plaintiff. Id. Therefore, the requirements of Practice Book 168 are inapplicable to collateral source payments.
Accordingly, plaintiffs' motion to strike is granted because collateral source payment reductions should not be raised by way of a special defense.
So ordered,
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT