[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10274
Plaintiff has moved to strike the defendant's first special defense, which claims "all applicable setoffs, credits, allocations and contributions."
In an action for personal injury or wrongful death, General Statutes 52-225a requires the court to reduce the amount of economic damages awarded to the plaintiff by any amount already received by the plaintiff as compensation for those damages.
The court shall hear evidence of collateral sources received by the plaintiff "[u]pon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment." General Statutes 52-225a(b).
In order to claim a right of setoff, the defendant must plead the setoff as a special defense. Practice Book 168. A setoff is a debt owing from the plaintiff to the defendant that arises independently of the transaction described in the plaintiff's complaint. Savings Bank of New London v. Santaniello, 130 Conn. 206, 210, 33 A.2d 125 (1943).
There is a suit of authority in the Superior Court as to whether a plaintiff may plead collateral source payments as a special defense. The majority of courts have held that collateral source payments may not be specially pled by the defendant. The reasons advanced by those courts are twofold. First, General Statutes 52-225a requires the court to consider evidence of collateral source payments after the jury has found the defendant liable and awarded damages. Therefore, "[b]ecause the reduction for collateral sources provided by 52-225a is not a matter to be tried to the jury or a matter to be raised at trial, it is unnecessary for defendants to affirmatively plead the same." Rosiello v. Ladden, 2 Conn. L. Rptr. 238, 242 (August 7, 1990). CT Page 10275
Second, it has been held that payments from a collateral source are not a proper legal setoff which must be plead under Practice Book 168, because "[a] collateral source payment is not a claim on a debt independent of the cause of action sued upon." Id. See also Sabol v. Mancini, 2 Conn. L. Rptr. 71 (July 3, 1990) Saladino v. Barry, 5 Conn. L. Rptr. No. 15, 405 (January 3, 1992); Daniels v. Martinczak, 5 Conn. L. Rptr. No. 16, 429 (January 10, 1992); Burien v. Violette, 4 Conn. L. Rptr. No. 11, 350 (July 2, 1991); Wiggins v. Johnson, 5 C.S.C.R 146 (January 24, 1990); Zagaja v. Guerria, 5 C.S.C.R 232 (March 23, 1990); Davis v. Nichols, 5 Conn. L. Rptr. No. 3, 64 (October 21, 1991); Schon v. Schweitzer, 3 Conn. L. Rptr. No. 1, 12 (December 31, 1990); Finnegan v. Fazo, 2 Conn. L Rptr. 761 (October 31, 1990); Zujewski v. Allen, 2 Conn. L. Rptr. 92 (July 16, 1990); Vining v. Carpone, 1 Conn. L. Rptr. 498 (April 12, 1990).
One court in the minority has reasoned that a collateral source special defense "is analogous to special defenses claiming setoff." Jandzinska v. Fournier, 4 CSCR 819 (October 24, 1989). Other courts have held that collateral source payments are not a setoff, but that "even if the collateral source payment credit on any judgment is specially pled, it will not prejudice the jury because it will never be submitted to them." Hoffman v. Hada, 4 Conn. L. Rptr. No. 5, 156 (May 15, 1991) See also DeBruycker v. Pioneer Development and Associates, Ltd., 2 Conn. L. Rptr. 661 (October 25, 1990); Krug v. Budney, 5 C.S.C.R 146 (January 18, 1990).
The cases in the majority are better reasoned, as they are more in accord with the language of General Statutes 52-225a
and Practice Book 168. Therefore, the plaintiff's motion to strike the first special defense is granted.
BALLEN, JUDGE