[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION TO STRIKE #129
On August 7, 1992, the plaintiff, Steven Wabrek, filed a two count complaint against the defendants W.J. Mountford, Inc. and Mid-State Roofing, Inc. On that same date the plaintiff's employer, Arthur A. Horton, Inc. filed a motion to intervene as a coplaintiff and an intervening complaint pursuant to General Statutes Section 31-293 (a), to recover worker's compensation benefits paid on behalf of the plaintiff. That motion was granted on August 31, 1992. The plaintiff then filed a two count revised complaint on October 5, 1992. In the first count of his revised complaint, the plaintiff alleges, inter alia, that on or about July 24, 1990 the defendant, W.J. Mountford, Inc. was in control of the construction site where the plaintiff was working. As a result of the defendant, W.J. Mountford, Inc.'s maintaining the premises in a dangerous and unsafe condition and their failure to use reasonable care in the supervision, control and inspection of CT Page 11277 the premises the plaintiff was struck by rolls of roofing paper which had fallen from the roof of the structure causing the plaintiff to suffer personal injuries.
In the second count of the revised complaint, the plaintiff alleges, inter alia, that on or about July 24, 1990, the defendant, Mid-State Roofing, Inc., as the roofing subcontractor where the plaintiff was working, was in control of the roof area under construction and as a result of their failure to make reasonable and proper inspection of the roof area, it allowed rolls of roofing paper placed in unsecured and unsafe positions on the structure, causing the rolls of roofing paper to fall off the roof and thereby cause the plaintiff to suffer personal injuries.
On November 17, 1992 the defendant, Mid-State Roofing, Inc. filed an answer and attached thereto three special defenses. The first and third special defenses are the subject of the present motion to strike.
The first special defense states that "[p]ursuant to Section52-572h and 52-225a of the Connecticut General Statutes, the defendant, Mid-State Roofing, claims all applicable setoffs, credits, allocations and contributions." The third special defense states, inter alia, that "any injuries or damages alleged in plaintiff's complaint were proximately caused by the negligence of the intervening plaintiff, Arthur A. Horton, Inc.
On November 20, 1992, the plaintiff filed a motion to strike the first and third special defenses of defendant Mid-State Roofing, Inc. and submitted therewith a supporting memorandum. The defendant Mid-State Roofing, Inc., filed a memorandum in opposition as to the first special defense and stated in the opposition papers that it did not oppose the plaintiff's motion to strike the third special defense. Thus, the plaintiff's motion to strike the third special defense is granted. This court need now only address the plaintiff's motion to strike the first special defense.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. CT Page 11278 Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988).
The legal sufficiency of a special defense may be determined by reference to Practice Book Section 164 which states that "[f]acts which are consistent with [the plaintiff's statement of fact] but which show, not withstanding, that he has no cause of action, must be specially alleged." Practice Book Section 164. See also Grant v. Bassman, 221 Conn. 465, 472-73 (1992) (stating that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action."). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Daniels v. Martinczak, 5 Conn. L. Rptr. No. 16, 429 (February 3, 1992) (Schaller, J.), citing Ferryman, supra.
In its memorandum in support of its motion to strike, the plaintiff contends that collateral source payments are not properly pled as a special defense.
The first special defense, as was noted, supra, claims that "[p]ursuant to Section 52-572h and 52-225a of the Connecticut General Statutes, the defendant, Mid-State Roofing, claims all applicable setoffs, credits, allocations and contributions." These facts construed in the defendant's favor, fail to demonstrate that the plaintiff has no cause of action. See Daniels, supra.
A collateral source reduction pursuant to General Statutes Section 52-225a is "undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is `totally outside the scope of trial and which would be inadmissible there.'" Daniels, supra, quoting Zagaja v. Guerrera,1 Conn. L. Rptr. 401 (1990) (Satter, J.). Thus, the reduction constitutes a charge against that which is awarded to the plaintiff after she has proven the elements of her cause of action. Zagaja, supra. Therefore, this special defense is legally insufficient because facts fairly provable thereunder fail to show that the plaintiff has no cause of action. Daniels, supra; Wiggins v. Johnson,1 Conn. L. Rptr. 228 (1990) (Corrigan, J.); Zujewski v. Allen,2 Conn. L. Rptr. 92 (1990) (Fuller, J.); Patel v. W.F. Painting, CT Page 11279 Inc., 5 Conn. L. Rptr. No. 16, 428 (February 3, 1992) (Mihalakos, J.).
Additionally, collateral source payments do not constitute a set off. Air-Flo. Inc. v. Consolidated Engineers and Contractors. Inc., 5 Conn. L. Rptr. No. 17, 460 (February 10, 1992) (Fuller, J.). A set off is a "claim by a defendant against a plaintiff on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943). In addition to arising from facts independent of the plaintiff's cause of action, a set off involves:
 rights and liabilities as between the plaintiff and the defendant, and does not involve rights and liabilities as between a plaintiff or a defendant and a third party. Because a claim for the reduction of damages based upon a plaintiff's receipt of collateral damages is premised upon transactions or occurrences not between the plaintiff and the defendants, but between the plaintiff and a third party, and because a collateral source reduction does not arise "independent of the action being sued upon," a collateral reduction [need not] be specially pleaded.
Daniels, supra, 248.
Consequently, because this court holds that evidence of collateral source payments may not be introduced until a decision on the amount of damages has been made, the motion to strike the first special defense is granted.
PICKETT, J.