[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to strike the defendant's counterclaim because that counterclaim concerns a matter foreign to the transaction upon which the plaintiff's complaint is based in contravention of C. P. B. § 116. The underlying complaint seeks a strict foreclosure of a mortgage. The counterclaim alleges an arrearage with regard to a child support order.
In his pleadings, the defendant characterizes the child support arrearage as a counterclaim. At oral argument, the defendant evinced equivocation as to whether his claim was truly a counterclaim or a set-off claim. Caselaw recognizes an important distinction between counterclaims and set-offs. SavingsBank of New London v. Santaniello, 130 Conn. 206, 210 (1943). A counterclaim arises from the same transaction as the complaint, whereas a set-off may arise independently. Id.
Rule 116 of our Rules of Practice requires that a counterclaim arise from the same transaction which forms a basis of the complaint. The complaint in the present case seeks a strict foreclosure of a mortgage. The counterclaim alleges a CT Page 562-F child support arrearage. The pleadings lack reference to any transactional linkage between these two ostensibly unrelated claims. Intertwining this foreclosure action with a child support enforcement proceeding would disserve the purpose behind § 116 which is judicial economy. Support proceedings entail an examination of whether compliance has occurred, and, if not, whether noncompliance was wilful. The application of support guidelines with respect to arrearages comes into play. G.S. §46b-215a. On the other hand, the financial status of the parties is usually immaterial to the rendering of a judgment of strict foreclosure. The matters of foreclosure and child support enforcement are best addressed in separate proceedings.
If, instead of a counterclaim, the court were to regard the defendant's allegations as a set-off, the same result obtain. Set-offs are classified as either legal or equitable. SavingsBank of New London v. Santaniello, supra; Hubley Mfg. and SupplyCo. v. Ives, 81 Conn. 244, 247 and 248 (1908). Legal set-offs are creatures of statute. In this case the only remotely pertinent set-off statute is G.S. § 52-139. That section permits set-offs for mutual debts between the parties but only if the original action is an "action brought for the recovery of a debt". An action for foreclosure of a mortgage is not an action on a debt. Savings Bank of New London v. Santaniello, supra. Therefore, no legal set-off applies in this case. CT Page 562-G
An equitable set-off claim is reserved for those circumstances where the nature of the underlying claim is such that the parties cannot obtain full redress by means of a separate action. Peter Caisse Inc. V. Green Acres. Inc., 3 Conn. Cir. 424, 428 (1965); Hubley Mfg. and Supply Col. v. Ives, supra. In the present matter, the defendant can institute separate contempt proceedings to vindicate the alleged nonpayment of child support. G.S. § 46b-87. Consequently, no equitable set-off claim for delinquent child support can be brought in this foreclosure action. The motion to strike the counterclaim is granted.
Sferrazza, J.