[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
On April 13, 1998, the plaintiff, GMAC Mortgage Corporation (GMAC), filed the present action to foreclose a mortgage encumbering real property located at 24 Lee Street, Stamford, Connecticut and belonging to the defendants, Carmen Nieves, Victor Nieves and Carmen Soc. The plaintiff has given notice of the present foreclosure action by causing a lis pendens to be filed on the Stamford land records.
On May 26, 1998, the defendants filed an answer with three special defenses, three setoffs, and a three-count counterclaim. CT Page 1009 The defendants allege in their first special defense, entitled waiver, that on February 5, 1997, they entered into a payment plan agreement with the plaintiff. According to the defendants' special defense, following the completion of this payment agreement, the plaintiff demanded an additional larger payment, which sum was not part of the agreement. The defendants did not comply with the plaintiff's request. The defendants assert that the plaintiff's acceptance of the defendant's performance (payment) under the agreement constitutes a waiver "of any claim of default . . . [for] nonpayment of the nondisclosed sum in the aforesaid agreement, thereby invalidating the lis pendens upon which plaintiff's [present foreclosure] action is based."
In their second special defense, the defendants substantially reallege the allegations of their first special defense and conclude that said conduct additionally constitutes a breach of the "covenant of good faith and fair dealing."
In their third special defense, the defendants substantially reallege the allegations of the first special defense and conclude that said conduct constitutes a "deceptive trade practice" pursuant to General Statutes § 42-110(b).
In their first, second and third setoff claims, the defendants reallege the assertions of their first, second and third special defenses, respectively, and additionally claim they have incurred legal expenses in defending the present foreclosure action.
In the first count of their counterclaim, labeled "promissory estoppel," the defendants substantially reallege the allegations discussed above, and incorporate various allegations from the plaintiff's complaint. The defendants add that the plaintiff made an "affirmative representation [that the defendants] . . . would not be held in default [on the note] provided they [tendered] payment(s) of certain sum(s) each month over a definite period of time. . . ." Counterclaim, dated May 20, 1998, ¶ 5b. The defendants allege that this "affirmative [representation] by plaintiff was intended to induce and did induce defendants . . . to make the payments required of them. . . ." Counterclaim, dated May 20, 1998, ¶ 5d. The defendants further allege that they relied on the plaintiff's representation and were thereby damaged as they have been forced to expend substantial sums of money in defending the present foreclosure action.[1]
CT Page 1010
In the second count of their counterclaim, the defendants reallege the assertions of the first count and conclude that the plaintiff has breached the "the covenant of good faith and fair dealing."
In the third count of their counterclaim, the defendants reallege the assertions of their second counterclaim[2] and conclude that the plaintiff has engaged in deceptive trade practice within the meaning of General Statutes § 42-110(b).
On August 27, 1998, the plaintiff filed a motion to strike the defendants' special defenses, setoffs and counterclaim on the ground that they are legally insufficient. Pursuant to Practice Book § 10-42, the plaintiff filed a memorandum in support of its motion to strike and the defendants have filed a memorandum in opposition.
"A motion to strike is the proper vehicle . . . to contest the legal sufficiency of any special defense contained in an answer to the complaint." Doran v. Waterbury Parking Authority,35 Conn. Sup. 280, 281, 408 A.2d 277 (1979). "In ruling on the motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of action." FederalDeposit Ins. Corp. v. Napert-Boyer Partnership,40 Conn. App. 434, 445, 671 A.2d 1303 (1996).
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Mundaca Investment Corp. v. Atwood, Superior Court, CT Page 1011 judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.). Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt.Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456
(1989).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building DesignCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220, (January 30, 1997, Celotto, S.T.R.); see Dime Savings Bank of New York, FSB v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557, (April 1, 1996, Curran, J.).
The plaintiff moves on the ground that the defendants' special defenses, counterclaims and setoffs are legally insufficient.[3] The plaintiff argues that the special defenses do not attack the making, validity or enforcement of the note or mortgage. In addition, the plaintiff argues that the special defenses involve an oral payment agreement concerning land, which agreement violates of the statute of frauds. Finally, the plaintiff argues that the special defenses have failed to allege sufficient facts to support the legal theories of waiver, breach of the "covenant of good faith and fair dealing," and estoppel, theories asserted in the special defenses.
The defendants argue in opposition that as a foreclosure action is an action in equity, special defenses to said action are to be construed broadly; the defendants argue that their defenses, construed broadly, constitute recognized, valid and legally sufficient defenses to a foreclosure action. The defendants also argue that the plaintiff has assumed facts outside those special defenses, specifically: (1) that the payment plan is a forbearance agreement rather than a modification agreement; and that (2) it is an oral agreement CT Page 1012 outside the statute of frauds.
The defendants' allege in the first special defense that the plaintiff waived its right to bring a default claim for the defendants' nonpayment of the nondisclosed end payment, by accepting prior performance (payment) pursuant to the specific terms of the agreement. The defendants conclude that the aforesaid waiver invalidates "the lis pendens upon which the present action is based." The defendants reallege in the second special defense the facts found in the first special defense and state the plaintiff's "failure to disclose the additional payment" constitutes a breach of the "covenant of good faith and fair dealing imposed upon plaintiff in its contractual relations with others. . . ." The defendants also reallege the facts discussed above in the third special defense and add that the plaintiff's "failure to disclose [the] final, larger payment," when it had represented that "no default on defendants' Note occurred provided [that the] disclosed payments were made" constitutes a "deceptive trade practice" pursuant to General Statutes § 42-110(b).
The plaintiff correctly argues that none of the claims made in the defendants' first, second or third special defenses attacks the making, validity or enforcement of the note. Each of the defenses attacks acts or procedures of the plaintiff which occurred subsequent to the execution of the note and mortgage. The first special defense of waiver is based on the plaintiff's behavior in connection with the payment agreement and thus, is patently not an attack upon the validity of the note. The second and third special defenses also attack the behavior of the plaintiff in connection with the subsequent payment agreement.[4] "[S]pecial defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Rinere v. M. Kalfus Building DesignCorp., supra, Superior Court, Docket No. 388220; see alsoCitizens Mortgage Corp. v. Perez, Superior Court, judicial district of Danbury, Docket No. 319220, (November 2, 1995,Stodolink, J.) (granting bank's motion to strike special defenses and counterclaims where they attack actions of the lender allegedly perpetuated subsequent to the execution of note and mortgage).
The defendants, thus, incorrectly argue that a broad CT Page 1013 construction of their special defenses renders them valid in a foreclosure action. "[While] foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims and defenses not recognized at common law, this trend must have a boundary. [T]hose cases recognizing equitable defenses . . . [do so when the defenses] like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor. . . ." Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337, (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29, 30).
The court grants the plaintiff's motion to strike the defendants' first, second and third special defenses because they do not attack the making, validity or enforcement of the note. Therefore, the court need not consider the plaintiff's remaining arguments.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn App. 495, 496, 495 A.2d 286 (1985); see also Home Savings ofAmerica v. Newkirk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150962, (January 5, 1998, Hickey, J.).
"Practice Book 116 [now Practice Book (1998 Rev.) §10-10] provides, in pertinent part, any defendant may file counterclaims against any plaintiff provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim]." (Brackets in original.) Id.
The plaintiff also moves to strike counts one, two and three of the defendants' counterclaim, again arguing that the defendants' claims do not attack or relate to the making, validity and enforcement of the note.
In count one of their counterclaim, labeled "promissory estoppel," the defendants incorporate by reference facts recited in the complaint as to when the subject note and mortgage were CT Page 1014 executed, recorded, assigned to the plaintiff, and finally, that after default on the mortgage, the plaintiff brought the present foreclosure action and caused a lis pendens to be filed in connection with the action. In addition, the count alleges that the plaintiff made an "affirmative [representation] that [the defendants] would not be held in default [on the note] provided they [tendered] payment(s) of certain sum(s) each month over a definite period of time. . . ." Counterclaim, dated May 20, 1998, ¶ 5b. The count also alleges that this "affirmative [representation] by plaintiff was intended to induce and did induce defendants . . . to make the payments required of them. . . ." Counterclaim, dated May 20, 1998, ¶ 5d. The count further alleges that the defendants relied on the plaintiff's representation and were thereby damaged as they have been forced to expend substantial sums of money in defending the present foreclosure action. Count one additionally realleges facts contained in the special defenses.
In the second and third counts of the counterclaim, the defendants reallege the facts recited above and conclude that such conduct constitutes a breach of "the covenant of good faith and fair dealing" (second count) and a deceptive trade practice pursuant to General Statutes § 42-110(b) (third count).
"An analysis of those cases recognizing counterclaims to foreclosure actions suggest that they are proper only when they attack the note itself, rather than some act or procedure of the mortgagor. Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Ellipses omitted.)Home Savings of America v. Newkirk, supra, Superior Court, Docket No. 150962.
None of the claims made in the first, second or third count of the defendants' counterclaim "[asserts] any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." CitizensMortgage Corp. v. Perez, supra, Superior Court, Docket No. 319220. Each of the counts attacks an act or procedure of the plaintiff-lienholder that occurred subsequent to the execution of the note and mortgage. Accordingly, the court grants the plaintiff's motion to strike counts one, two and three of the defendants' counterclaim.
The defendants have also asserted three setoffs, in which CT Page 1015 they incorporate the allegations of their first, second and third special defenses, respectively. Additionally, the defendants make a claim in each of the setoff claims, for their legal fees to defend against the foreclosure action.
The plaintiff moves to strike the defendants' first, second and third setoff claims and argues that the setoffs "are legally insufficient." Pl.'s Motion to Strike, p. 8.
A setoff is a debt independent of the transaction alleged in the complaint. See Savings Bank of New London v. Santaniello,130 Conn. 206, 210, 33 A.2d 126 (1943). "Where there are not equitable considerations involved, a defendant . . . can set off debts only where they are presently due to him." Bridgeport-CityTrust Co. v. Niles-Bement-Pond Co., 128 Conn. 4, 10, 20 A.2d 91
(1941).
The court strikes the defendants' setoff claims because they are legally insufficient to make out a claim for a setoff as they do not assert debts which are presently due the defendants. The substance of the defendants' first setoff claim is that the plaintiff, by accepting payments under the payment plan, has waived any default claim for the defendants' nonpayment of the nondisclosed end payment. The substance of the second setoff claim is that the additional larger required payment is a breach of the "covenant of good faith and fair dealing." The substance of the third setoff claim is that the defendants performed under the payment agreement in reliance on the plaintiff's representation that "no default on defendants' Note occurred." In none of these claims do the defendants allege that the plaintiff is indebted to defendants and thus, they are legally insufficient as setoff claims. At the end of each of the above mentioned setoff claims, the defendants also add a claim for their legal fees incurred in defending the present foreclosure action. The court's finding that these added claims for legal fees are also legally insufficient as setoff claims because they arise out of the same transaction as the plaintiff's. A setoff is a debt independent of the transaction alleged in the complaint. SeeSavings Bank of New London v. Santaniello, supra, 130 Conn. 210. The plaintiff's motion to strike the defendants' setoff claims is granted because they are legally insufficient to make out claims for setoffs.
RICHARD J. TOBIN, JUDGE CT Page 1016